CHRISTINE AITKEN, PLAINTIFF-RESPONDENT, v. THOMAS GALLAGHER, DEFENDANT, AND ELIAS M. EMMONS, DEFENDANT-APPELLANT.

Submitted May 27, 1932—Decided October 17, 1932.

For the appellant, *Kellogg & Chance.*

For the respondent, *Luke A. Kiernan, Jr.*

The opinion of the court was delivered by

HETFIELD, J. This is an action for personal injuries sustained by the plaintiff, while riding in an automobile operated by the defendant, Thomas Gallagher. At the time of the accident, which happened on May 8th, 1929, Gallagher was

driving his car on what is known as the Matawan-Freehold road. As he was about to pass a car which was parked on his right, there was a collision between his automobile and one operated by the defendant Elias M. Emmons who was approaching from the opposite direction; and as a result thereof, Gallagher's car was overturned, and the plaintiff injured. She obtained a judgment against both defendants, in the sum of $1,500, in the Supreme Court, Essex Circuit, on October 31st, 1931.

This appeal is taken by the appellant, Emmons, and the only point argued in support thereof, is that the trial court erred in refusing his motion to nonsuit, for the reason that when the plaintiff rested her case, there was no evidence to prove negligence on his part, and that the testimony clearly established that the accident was caused by the sole negligence of the defendant Gallagher. We are of the opinion that there was no error in the ruling of the trial court, as when the motion for nonsuit was made, there had been sufficient proof submitted to justify an inference by the jury, that as the two cars were being driven in opposite directions along the highway, each driver was able to see the other car for a considerable distance before they attempted to pass, as the road was straight and there was nothing to prevent a clear view from both cars; that as Gallagher's car was about to pass the parked car on his right, he was compelled to drive nearer the middle of the road, although he did not at any time pass over the center thereof; that the appellant's car, prior to its passing Gallagher and the parked car, was "partly on the center and partly on the side he was coming up;" that the appellant made no attempt to turn further to his right, thereby allowing additional room for the Gallagher car to pass the parked car, but retained the same position and course on the road which he had for a considerable distance prior to the collision; that appellant's car was traveling "pretty fast," and that there was ample room to have permitted him to turn to his right and avoid the collision. It therefore appears to us, that sufficient facts were established by the evidence, from which negligence could have been reasonably inferred. It is

true that the defendant Gallagher was the only witness produced by the plaintiff to testify to this state of facts, but the verity of his testimony should be determined by the jury and not the court. When facts have been established by evidence, from which negligence may be reasonably inferred, it is for the jury, and not the court, to say whether from those facts negligence ought to be inferred.

The judgment below should be affirmed.

*For affirmance*—THE CHANCELLOR, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, BROGAN, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, KERNEY, JJ. 14.

*For reversal*—None.